**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH J. RITROVATO, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | No. 4:26-cv-01189-SEP |
| CRAIG CRANE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Petitioner Kenneth Ritrovato, Jr.'s Application for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. [1]. For the reasons set forth below, the Court will deny and dismiss the Petition.

**LEGAL STANDARD ON INITIAL REVIEW**

The Court may summarily dismiss a § 2241 petition without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is warranted in this case.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Kenneth Ritrovato, Jr., an inmate at Algoa Correctional Center (ACC), in Jefferson City, Missouri, alleges that the Missouri Department of Corrections (MDOC) failed to give him jail time credit for 510 days he spent on a writ in Jefferson County in *State v. Ritrovato*, No. 09JE-CR04406-01 (23rd Jud. Cir., Jefferson County). Specifically, Petitioner argues that he was incarcerated in the Jefferson County Jail on a writ of prosequendum between May 13, 2011, to September 26, 2013, for 503 days and then again from May 10, 2013, to May 16, 2013, for 7 days. He sought jail time credit from the Circuit Court of Jefferson County on February 29, 2016. *Id.* On March 1, 2016, the Circuit Court denied the request indicating, "Determination of credit for time served is in the exclusive power of the D.O.C. The Court does not have jurisdiction to determine same under statute." *Id.*

According to Petitioner, on November 19, 2013, during his incarceration at Crossroads Correctional Center (CRCC) in Cameron, Missouri, he filed a grievance with the MDOC seeking 510 days of jail time credit. Doc. [1] at 2. Petitioner's grievance was denied on November 20, 2013. *Id*. After the MDOC denies a Missouri state prisoner's request for jail time credit, his

recourse is to file a timely declaratory judgment action in Missouri state court. *See, e.g.*, *Duncan v. Missouri Dept. of Corr.,* 96 S.W.3d 925 (Mo. Ct. App. 2003); *Rowell v. Missouri Dept. of Corr.,* 707 S.W.3d 52 (Mo. Ct. App. 2025). There is no indication that Petitioner filed a declaratory judgment action in Missouri state court seeking review of the denial of his grievance.

**DISCUSSION**

Petitioner filed this Application for Writ pursuant to 28 U.S.C. § 2241 challenging the MDOC's denial of jail time credits to his sentence under Missouri Revised Statute § 558.031. Petitioner states that he is entitled to jail time credit against his total length of imprisonment at the MDOC, for the time spent in Jefferson County Jail on a writ of prosequendum awaiting trial in *State v. Ritrovato*, No. 09JE-CR04406-01 (23rd Jud. Cir., Jefferson County).

A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petition challenges how the MDOC calculates Petitioner's jail time credit under Missouri Revised Statute § 558.031. As a question of state law, that challenge is not cognizable in a federal habeas proceeding. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Collar v. Minor*, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **DENIED** as moot because Petitioner paid the $5.00 filing fee.

**IT IS FURTHER ORDERED** that Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. [1], is **DENIED AND DISMISSED**.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of October, 2026.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE